HOMER BEACH & HARMON BEACH *v.* CANFIELD DORWIN,

CHITTENDEN,
*January*,
1840.

Beaches
*v.*
Dorwin,

A claim for use and occupation of a farm cannot be recovered, under a count in a declaration upon a contract to sell the farm and account for the avails; nor on the money counts.

If a farm is deeded to D. in trust to sell, and out of the proceeds to pay certain claims and account for the surplus, and the trustee sells it upon a credit, as to part, for the term of five years, with the consent of the parties in interest, he does not thereby become liable for money had and received, though the trustee take a note for the same payable to *his own order*, he having a personal interest in some portion of the note.

In such case the trustee has the right to apply the moneys first received to pay the debts charged upon the land.

THIS was an action of assumpsit in two counts. The first a special count declaring on a contract relative to the sale of a lot of land in Hinesburgh; the second, a count for money had and received. Plea, non-assumpsit and a set-off. Issues to the country.

On the trial in the county court, it appeared in evidence that, before the 10th of April, 1834, the defendant had signed certain receipts for property attached on writs against one Robert Beach, the father of the plaintiff, and that the plaintiffs, by several deeds, had mortgaged the land to defendant to secure him against said receipts; that at the March term of Chittenden county court, 1834, two judgments were rendered against the defendant for about twelve hundred dollars, on which executions had issued and one of which had been levied on his sheep and cows; that on the day of the levy, to wit, April 10, 1834, the plaintiffs jointly executed an absolute deed of the same land to the defendant. The plaintiff, introduced evidence tending to show, that, at the time of the delivery of said deed, it was agreed between the plaintiffs and the defendant, that he should sell the land for the best price he could obtain and account to the plaintiffs for the balance, beyond his liabilities; that the defendant went into possession under this agreement, making improvements on the land and taking the avails thereof to his own use, and that the avails amounted to more than the improvements.

It also appeared that, before the thirty-first of December, 1834, the defendant had made a contract with Josiah Steele to sell the land to him at and for the price of fifteen hundred dollars; that in December, 1834, the plaintiffs, with their father Robert Beach, were in a treaty with Joel Tyrrel to sell

him a large tract of land in Hinesburgh, of which the land conveyed to the defendant was a part, and Tyrrell declining to buy unless he could have the whole, the said Beaches, as well as the defendant, urged Steele to give up his contract, which, in the end, he did, on the payment of sixty dollars, which sum was divided between the Beaches, the defendant and Tyrrell, each paying the sum of twenty dollars, and the land in question was conveyed by the defendant to Tyrrell for one thousand dollars, cash in hand, and said Tyrrell's note for five hundred dollars, payable June 1, 1839, with annual interest, to the order of the defendant.

It also appeared in evidence, that the said sale from the defendant to Tyrrell, was with the knowledge and consent of the plaintiffs and the said Robert, and the terms of sale were assented to by them.

The plaintiffs insisted, that they had a right to recover for the avails of the farm for the year that defendant occupied it, to which the defendant objected and the court decided that, upon the pleadings, they could not recover. The plaintiffs contended that on the sale of the land by the defendant, they were entitled to recover the difference between the defendant's liability and the price of the land. The defendant objected, that, on this evidence, the defendant, if liable, at law, at all, could only be chargeable on the receipt of the money on the note; that he stood as a trustee for the plaintiffs, and that having an interest in the amount for which the note was taken, he had a right to take the note to himself, and, in the absence of all evidence of bad faith, he could not be made accountable until he had received an amount beyond his liabilities.

The court decided that the defendant had the right to apply the moneys received for the sale of the farm, in the first place, to extinguish his own liabilities which he had assumed for Robert Beach and indemnify himself against the same and that he was not liable in this action to the plaintiffs on the facts given in evidence, it not being shown that he had received enough from the sales and rents of the farm to indemnify himself against his liabilities, as the note was still remaining in the hands of the defendant, uncollected; whereupon a verdict was taken, by consent, for the defendant,

subject to exceptions to the aforesaid decisions of the court. The plaintiffs excepted.

*Wm. P. Briggs*, for plaintiffs.

*Hyde & Peck, and C. Adams,* for defendant.

The opinion of the court was delivered by

BENNETT, J.—It is evident that the plaintiffs cannot recover for use and occupation, on either count in the declaration. To entitle them to recover for such claim, there must be a count for use and occupation. From the facts detailed in the bill of exceptions, the plaintiffs can have no right to recover the avails of the farm for the year that the defendant was in the possession of it, unless it be under the appropriate declaration for such claim.

The fact that this farm was sold by the consent of all parties in interest, on a credit, as to a part of the purchase money, is conclusive upon the plaintiffs that they cannot call the defendant to an account, in an action for money had and received, as to such portion, until he is in the receipt of it, or, at least, until there has been an expiration of the time of credit. Though the defendant, in the sale of the farm, was acting in the character of a trustee, still it was a trust coupled with a personal interest, and the defendant cannot be made, *ipso facto*, liable, as for money had and received from the circumstance of his having taken the note payable to his order. A part of the note, when paid, in fact, belongs to the defendant.

As the farm was deeded to the defendant to enable him to make sale of it, and out of the avails to indemnify himself against his liabilities, most certainly he would have the right to apply the moneys first received for that purpose, and more especially, in this case, where the evidence shows that the credit was given by the consent of the plaintiffs. The judgment of the county court is affirmed.