# Wheeling.

### JOHN T. PEERCE *et al. vs.* JOHN W. ATHEY *et al.*

#### January Term, 1870.

1. Where an injunction bond is joint as to the obligees, and joint and several as to the obligors, a joint action may be brought by the obligees, and a joint judgment rendered for the whole of their demand, although the claims due them respectively may be of different amounts and bear interest from different dates.

2. In debt on bond with collateral condition, damages may be assessed beyond those laid in the declaration, if the penalty is sufficient to cover them.

3. A judgment assigning damages jointly, on the breaches assigned in a declaration on an injunction bond payable to several obligees jointly, while it is not a formal ascertaining the damages according to the statute, it is substantially so, and should be held as in full satisfaction and discharge of all the breaches alleged in the declaration, and a bar to any other or further recovery for the same breaches.

This was originally and action of debt on an injunction bond. The case was brought to November rules, 1866, in the circuit court of Preston county.

The following is a copy of the bond on which the action was founded:

"Know all men by these presents, that we, John T. Peerce, Gustavus Cresap and Buckner Fairfax, are bound unto John W. Athey, Philip Fletcher, Joseph Reitzell, and David Freeland, their heirs and assigns, in the penalty of four thousand dollars, for the payment whereof we bind ourselves jointly and severally. Witness our hands and seals, this 6th day of November, 1865.

"Whereas, the above bound John T. Peerce hath obtained from the Hon. John A. Dille, judge of the circuit court of Preston county, an injunction to stay, until further order of said court, all further proceedings in the following named judgments, rendered by said court, to wit: one in favor of the said David Freeland, on the 19th day of June, 1865, against the said John T. Peerce, for the principal sum of four hundred and twenty dollars, with legal interest thereon from the 1st day of February, 1864, till payment, and costs; another in favor of the said John W. Athey, on the 21st day of June, 1865, against the said John T. Peerce, Edward H. McDonald, and Joseph V. Williams, for the principal sum of two hundred and five dollars, with legal interest thereon from the 28th day of November, 1864, till payment, and costs; another in favor of the said Philip Fletcher, against the said John T. Peerce, Joseph V. Williams, Isaac Parsons, and Edward H. McDonald, rendered on the 22d day of June, 1865, for the principal sum of six hundred dollars, with legal interest thereon from the last named date, and costs; and the other in favor of the said Joseph Reitzell, against the said John T. Peerce, Edward H. McDonald, Isaac Parsons, and Joseph V. Williams, rendered on the day aforesaid, for the principal sum of seven hundred dollars, with legal interest thereon from said date, till payment, and costs. Now if the said obligors shall pay the above named judgments, and all such costs as may be awarded against the said John T. Peerce, and all such damages as shall be incurred by the defendants in said injunction, or either of them, in case the said injunction shall be dissolved, then the above obligation to be void, otherwise of force. "JOHN T. PEERCE.

"G. CRESAP.

"BUCKNER FAIRFAX."

The declaration alleged that the defendants were indebted in the penal sum of 4,000 dollars, to the plaintiffs, John W. Athey, Philip Fletcher, Joseph Reitzell, and David Freeland; that Peerce had obtained an injunction to stay fur-

ther proceedings on certain judgments theretofore rendered against him, in favor of the plaintiffs. These judgments were recited in the bond and set forth in the declaration as follows: Freeland's judgment was for 420 dollars, rendered on the 19th of June, 1865; Athey's for 205 dollars, obtained 21st of June, 1865; Fletcher's for 600 dollars, rendered June 22d, 1865; and Reitzell's for 700 dollars, rendered June 22d, 1865. All of these judgments bore interest from different dates. The declaration alleged damages for the breach at 100 dollars. The parties defendant not appearing to plead, the conditional judgment was confirmed at rules and the damages ordered to be ascertained at the next term. The plaintiffs waiving a jury, and the defendants not appearing to require one, the court proceeded to render judgment against the defendants for the penalty of the bond, 4,000 dollars, to be discharged by the payment of the amount of the judgments, 1925 dollars, with interest, damages and costs, in all, 2,436 dollars and fifty-five cents, with interest on the 1925 dollars from the date of the dissolution of the injunction.

The defendants gave notice that they would move the circuit court of Preston to reverse the judgment upon the injunction bond, which motion being heard at the November term, 1867, was overruled, and the defendants excepted and appealed to this court. The grounds alleged for the reversal of the judgment were substantially those given in the petition for the appeal, and were as follows:

"1st. The judgments enjoined were several and for different sums, and in which the obligees, in the bond on which the action was brought, had several and distinct claims, fixed by law, and for which there could not be a joint recovery of either debt, interest or damages. (See 33 Illinois Rep., 188).

"2d. The court erred in giving greater damages for breach of condition of bond, with collateral condition, than was claimed in the writ or declaration.

"3d. The court erred in not ascertaining the damages

sustained; or sums to be paid by reason of the breaches assigned, as required by law. (See chap. 177, sec. 17, Code of Virginia)."

Hon. John A. Dille, judge of the circuit court of Preston county, presided on the hearing of the cause.

*Boggess* for the plaintiffs in error.

*Stanton & Allison* and *Wm. G. Brown,* for the defendants in error.

MAXWELL, J.   The first cause assigned as error in this case is, that the judgments enjoined were several and for different sums, and in which the obligees in the bond on which the action was brought, had several and distinct claims fixed by law and for which there could not be a joint recovery of either debt, interest, or damages. The cases of *The St. Louis, &c., R. R. Co. and others* vs. *Coulties,* and *same* vs. *Hawks' adm'r,* 33 Ill's, 188, are relied on to sustain this assignment of error. The actions were debt brought upon an instrument by which the defendants below acknowledged themselves bound to nine persons, of whom Coulties and Hawks were two, according to their relative and respective several interests in the penal sum of 3,000 dollars, which was conditioned that the railroad company should, on the assessment of damages to be made to secure the right of way, pay to the obligees relatively and respectively, the damages which might be assessed. The declarations alleged the assessment of the damages of the plaintiff in each suit, and the non payment of same by the railway company; but it was not alleged that the damages of the other obligees had been assessed, nor was there any allegation in regard to the extent of their respective interests. The obligees were severally the owners of different tracts of land over which the railway company were proceeding to condemn a right of way, and the obligation was given to secure to them such damages as might be assessed to them

26    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        Peerce *et al.* vs. Athey *et al.*        1870.

severally in the proceedings for condemnation. The court held the instrument sued upon to be a several one, upon which each one of the obligees might severally sue, yet no one of them had a right to recover upon it more than his relative and respective share of the penalty. The court accordingly sustained the demurrers to the declarations, and required them to be so amended as to show what the relative and respective interest of each plaintiff would be. In those cases the court did not decide that the obligees could not sue *jointly*, but decided that they might *severally* sue. The authority referred to by the court in its opinion in the two cases just referred to, is the case of *Farni* vs. *Tesson*, 1 Black, 309. This was a case of error to the circuit court of the United States for the northern district of Illinois. Tesson and Dungen recovered a judgment against Bartcum and Carry, in the circuit court of Peoria county, Illinois, in 1857, for 8,000 dollars, on which an execution issued which was levied on the property of the defendants. Bartcum and Carry obtained an injunction restraining further proceedings under the judgment. Bartcum and Carry executed their bond, with C. and F. Farni as their sureties, in the penal sum of 16,000 dollars, payable to Tesson and Dungen, Tuber, Garesche, and Miner, with the usual conditions of an injunction bond. After the injunction was dissolved, Tesson brought suit on the bond in his own name, as surviving partner of the firm of Tesson and Dungen,—omitting as plaintiffs the other three obligees to whom the bond had been given—against C. and P. Farni, two of the four obligors who executed it.

The plaintiff, Tesson, averred in his declaration that he was the only person interested in the judgment enjoined; that Miner, one of the obligees, was the sheriff who held the execution enjoined, and that the other obligees were merely the agents or trustees of Tesson.

There was a demurrer to the declaration and some amendments made to it, but as to the parties it was not changed, and in the supreme court was considered as on demurrer to

COURT OF APPEALS OF WEST VIRGINIA. 27

Jan'y Term,      Peerce *et al.* vs. Athey *et al.*      1870.

the declaration. Justice Grier, in delivering the opinion of the court, said: "In an action of debt on bond the demand is for the penalty. The condition of the bond is no part of the obligation. It is true the judgment for the penalty will be released on performance of the condition annexed to it. The plaintiff may declare on it as single, and defendant would then have to pray oyer of the deed and have the condition put on the record, so that he could plead a performance of it, or any other defence founded on it." * * * "If, by the condition, the money to be recovered be not for the joint benefit of all, the suggestion of that fact cannot alter the obligation; but will show only that, though all the parties to it should join in the suit and show a legal title to recover, the judgment will be for the use of the party named in the condition, and equitably entitled to the money." * * * "When there are several covenants by the obligors, as for instance, to pay 300 dollars to A and B, viz: to A, 100 dollars, and B, 200 dollars, no doubt each may sue alone on his several covenant. The true rule as stated by Baron Parke is, that 'a covenant may be construed to be joint or several according to the interest of the parties appearing upon the face of the obligation, *if the words are capable of such construction;* but it will not be construed to be several by reason of several interests, if it be expressly joint.' In this case the covenant is joint, and will admit of no construction. The condition annexed cannot affect the plain words of the obligation." The demurrer was held well taken, and the judgment of the court below reversed. This case is in principle precisely like the case under consideration, and clearly shows that there is nothing in the first cause of error assigned.

The case of *Farni* vs. *Tesson,* is fully sustained by the cases of *Sweigart* vs. *Berk and others,* 8 S. and R., 308; *Pierce* vs. *Hitchcock,* 2 Comstock, 388; *Strange* vs. *Floyd,* 9 Gratt., 474; *Sims and Hollis* vs. *Harris,* 8 B. Monroe, 55; as well as by many others. Nor is there any conflict between these cases and those in 33 Ill. Rep., because in those cases

the paper sued on was construed to be an obligation to the obligees severally.

The second cause of error assigned is that, the court erred in giving greater damages for breach of condition of bond, with collateral condition, than was claimed in the writ or declaration.

It has been long well settled, that in debt upon a bond, with collateral condition, damages may be assessed beyond those laid in the declaration, if the penalty is sufficient to cover them. *Payne* vs. *Ellzy*, 2 Wash., 143; *Johnson* vs. *Merriwether*, 3 Call, 523; *Sims and Hollis* vs. *Harris*, 8 B. Monroe, 55.

The third and last cause of error assigned is, that the court erred in not ascertaining the damages sustained or sums to be paid, by reason of the breaches assigned, as required by law. The judgment was rendered by the court, —a jury having been waived,—for the penalty of the bond, to be discharged by the payment of a specific sum, with interest and costs. While this judgment may not be a formal ascertaining the damages for the breaches of the condition of the bond charged in the declaration, according to the statute, it is substantially so, and should be held as in full satisfaction and discharge of all the breaches alleged in the declaration, and a bar to any other or further recovery for the same breaches.

The judgment complained of will have to be affirmed, with damages and costs to the defendants in error.

The other judges concurred.

JUDGMENT AFFIRMED.