# CHARLESTON

## SANDUSKY v. OIL CO.

Submitted September 9, 1907.    Decided December 17, 1907.

1. ASSUMPSIT—*Pleading—Declaration.*

    In an action of *assumpsit* to recover for money agreed to be paid by the terms of an oil lease as commutation for failure to bore a well, there must either be a special count or a common count in *indebitatus assumpsit* suitable to the case specifying the ground of action. No recovery can be had therefor on the counts in the declaration in this case. (p. 261.)

2. PARTIES—*Non-joinder of Plaintiff.*

    Upon a contract to pay a sum of money to two persons they must both unite as plaintiffs in an action for its breach, if living. Where one sues alone the non-joinder of the other is fatal, and the plaintiff cannot recover. (p. 263.)

Error to Circuit Court, Harrison County.

Action by James B. Sandusky against the West Fork Oil & Natural Gas Company.    Judgment for plaintiff, and defendant brings error.

*Reversed.*

GEORGE M. HOFFHEIMER and R. G. ALTIZER, for plaintiff in error.

DAVIS & DAVIS, for defendant in error.

BRANNON, JUDGE:

This is an action of *assumpsit* in the circuit court of Harrison county by James B. Sandusky against West Fork Oil and Natural Gas Company resulting in verdict and judgment

for the plaintiff, and the Oil Company has brought the case to this Court.

J. B. Sandusky and Nannie E. Sandusky made to the Oil Company a lease for three years of a tract of 400 acres of land for the production of oil and gas. The lease contains this clause: "Second party covenants and agrees to * * * * and, further, to complete one well on said land within six months through all known oil sands, if considered necessary by all parties mentioned, from the date hereof or in case of failure so to do, to pay thereafter an annual rental of one dollar per acre directly to the first party, until such well shall be commenced, or this lease surrendered for cancellation." The action is for the recovery of this one dollar per acre rental or commutation money under said clause. The declaration contains no special count on the leases but contains only common counts for goods, wares and merchandise sold and delivered; for goods and chattels bargained and sold; for horses sold and delivered; for work done and materials for the same provided; for meat, drink, washing and lodging and other necessaries provided; for money lent; for money paid by the plaintiff for the use of the defendant; for money received by the defendant for the use of the plaintiff; and for money found due on an account stated. The plaintiff gave in evidence the said lease to sustain his action. He had no right to recover upon any of the common counts used by him. The defendant never took possession of or occupied the land or bored any well on it. The declaration contains no count for use or occupation, if that would be sufficient. The case required a count specifying that recovery was asked for this rental under this lease. As Judge Poffenbarger wrote for the Court in *Lawson* v. *Williamson Coal & Coke Co.*, 57 S. E. 258, 61 W. Va., 669, the object of a declaration is to let the defendant know what will be proven against him. Now, how did any of those counts tell the company what would be proven against it? In the case just cited, which was for the recovery of rent under a coal lease, it was held that there must be a count for use and occupation or a special count on the contract. I think that case settles the insufficiency of the declaration in this case. 1 Chitty's Pleadings, 342, says: "It is not sufficient to state merely that the defendant was indebted to the plaintiff in a certain sum and promised payment; it must be

shown what was the cause or subject matter or nature of the debt; as that it was for work done or for goods sold," etc. Surely under the common counts a consideration must be stated for the promise to rest upon; but none of these counts tell of the use and occupation of the land under the lease, or proceed for the one dollar per acre commutation money in place of boring a well. That consideration for the implied promise is not stated or hinted. There is filed with the declaration a bill of particulars specifying, with the requisite definiteness, the character of the demand, that is, that it was for the one dollar per acre per annum; but what purpose does a bill of particulars answer when there is no count in the declaration appropriate to the bill of particulars? We know that our decisions say that a bill of particulars in an action of *assumpsit* is no part of the declaration, but a mere satellite with it or of it, designed to further specify or particularize what is in the declaration; but it cannot specify what is not in the declaration. The bill alone will not admit the evidence. *Riley* v. *Jarvis*, 43 W. Va. 43. Counsel would make that bill of particulars in this case perform the function of a count in the declaration. It cannot do so. "A bill of particulars does not set forth the *cause* of action or ground of defence; these constitute the function of the original pleading." 3 Ency. Pl. & Prac. 519. Further authority to show that recovery on this declaration cannot be had on the evidence is to be found in 4 Robinson's New Practice 504, 505; *Heyerman* v. *Canter*, 36 Mich. 316, the later case seeming pointed authority in this case. In *Beach* v. *Dorwin*, 12 Vt. 139, was a special count on a contract for the sale of land and the common count for money had and received. The court said: "It is evident that the plaintiff cannot recover for use and occupation, on either count in the declaration. To entitle him to recover there must be a count for use and occupation." Personally I doubt whether a count for use and occupation would suit this case, as I think there should be a count for this money demand like that specified in the bill of particulars. We must not jump to the conclusion that anything and everything can be recovered under the ordinary common counts usually found in declarations. They are short statements, but they must suit the case. 1 Chitty on Pleadings 345, says that the *indebitatus* count may be brought to recover for the use and

occupation or enjoyment of a fishery, or a water course or pew, and for tolls and for incorporeal hereditament. Now, if we inspect the precedents approved by long usage and the law of pleading, we find that the common counts for the use of a fishery, a pew, a way, a seat to view a procession, for tennis courts, and other things, specify these things, thus giving the particular consideration from which the law raises a promise. A count for goods sold and delivered will not support evidence of goods sold, but undelivered, or goods bargained and sold. 4 Rob. New Prac. 523. Recovery cannot be had for work, labor and material under a count for goods sold and delivered. There is a specific count for use and occupation of land. *Goshorn* v. *Stewart*, 15 W. Va. 657. To support the count for money had and received it must be shown that the defendant received money actually for the plaintiff's use. *Isom* v. *Johns*, 2 Munf. 272; *Bank* v. *Jackson*, 9 Leigh 221. The count for money paid must be supported by evidence of actual payment. *Butterworth* v. *Ellis*, 6 Leigh 106. A count for money lent must have an actual loan. 2 Ency. Pl. & Prac. 1015. Of course, the count on account stated will not do; for an account stated is a settlement between parties of prior money transactions with the consent that the balance is right and the parties have so agreed. 4 Rob. New Prac. 569; 1 Am. & Eng. Ency. L. (2 Ed.) 437; 1 Cyc. 369, 396. The mere rendering of an account is not sufficient to make an account stated. *Robertson* v. *Wright*, 17 Grat. 534. The common counts commonly used suit only cases to which they apply. If the case is different, that is, if the consideration is a different thing from those mentioned in the usual common money counts, there must be specification, according to the fact, though it be in short and simple form, and then a bill of particulars can be more definite. No count of this declaration suits the bill of particulars or the evidence adduced by the plaintiff.

The lease was made by James B. Sandusky and Nannie E. Sandusky. The promise of payment was to them, if to anybody, by the face of the lease. The action is in the name of James B. Sandusky alone, not in the name of James B. and Nannie E. Sandusky. The declaration stated a contract with one of them; the proof shows a contract with both, a promise to both. Here is a fatal variance between allegation and

proof. It is well settled law that, "When the contract is made with several whether under seal or by parol, if their legal interest were joint, they must all, if living, join in an action in form *ex contractu* for the breach of it, though the covenant or contract was in terms joint and several; the reason assigned is, that when the interest is joint, if several were permitted to bring actions for one and the same cause, the court would be in doubt for which of them to give judgment." 2 Tucker's Comm. 207. That is old law cited by Judge Dent in *Assurance Co. v. Fristoe*, 53 W. Va. 361, holding where a promise is to two persons to pay a single amount, one of them cannot maintain an action for his share or the whole, but they must sue jointly. This is treated as conceded law in the case of *Sadler v. Taylor*, 49 W. Va. 104, as written by Judge Poffenbarger. It is an infallible rule that an action on a contract must be in the name or names of the person or persons in whom is the legal title. "Where a promise is made to two or more persons jointly all the obligees must unite as plaintiffs in an action for the breach thereof, as the cause of action in such cases is joint only. This rule is not affected by the fact that some of such obligees have no real beneficial interest in the recovery. And it applies even though some of them never executed or assented to the contract, and in fact expressly disclaimed it." 15 Ency. Pl. & Prac. 528-530. Why? Because the legal right by the terms of the contract is in one as much as the other of joint contractors. It is the dry legal title that controls here. 2 Tucker, 205. It makes no difference that Nannie E. Sandusky was the wife of James B. Sandusky. The contract does not say so, though that would not change the case. She had contingent dower at least. The contract gives her an interest on its face. For its purpose she is the equal of James B. Sandusky. The legal title to the money under the lease vests in her by force of the letter of the contract jointly with her husband. As Judge Brooks said in *Carthae v. Brown*, 3 Leigh 98, "It may happen also, that where there is but one duty to be performed to one of two individuals, yet both may be interested in the performance of it; in such case the contract is joint and both may sue. * * * * Indeed, where a party covenants with two to pay money to one only, the law presumes an interest in the other, although

he is to receive nothing, because he is joined in the contract,
and there can be no other assignable motive for it; and there
the action must be joint, as in *Anderson* v. *Martindale*. The
interest presumed in such a case, must be a joint interest, as
two could not have a several interest, in the performance of
but a single duty to but one of them." In *Peerce* v. *Athey*,
4 W. Va. 22, 27, the test is:   Does the contract itself on its
face make the right joint?   In a lease by several owners of
a house there was a covenant to repair.   And it was thought
that as the rent was payable to each one his portion each
might sue for non-repair; but this covenant was held joint,
and it was held that a separate action could not be maintained
by each lessee.   *Calvert* v. *Bradley*, 16 How. 580.   This is
a fatal variance in this case.   The defense objected to the
introduction of that lease because of such variance, and
moved the court for a new trial, specifying such variance as
one of the grounds.   The objection did not require a plea in
abatement.   "On the other hand, if the objection do not ap-
pear on the face of the pleadings, the defendant may take ad-
vantage of the omission of one who ought to have been a
co-plaintiff, either by a plea in abatement, or (except in a
case of a co-executor or co-administrator), as a *variance* at
the trial, upon the plea of *non est factum*, if the action be
upon a specialty, or if it be upon any other contract, upon
the general issue of *nil debet* or *non assumpsit*.   (1 Chit. Pl.
14, 53; 1 Wms. Saund. 154, n. (1); *Id*. 291 f. g.; 5 Rob. Pr.
63; *Prunty* v. *Mitchell*, 76 Va. 169.)"   4 Minor's Inst., 757.
"In all cases of contracts, if it appear upon the face of the
pleadings that there are other obligees, covenantees, or
parties to the contract, who ought to be, but are not joined
in the action, it is fatal on demurrer, or on motion in arrest of
judgment, or on error; and though the objection may not appear
on the face of the pleadings, the defendant may avail himself
of it either by plea in abatement, or as a ground of nonsuit
in the trial upon the plea of the general issue."   2 Tucker
Comm. 207.   If the omission of a plaintiff be disclosed only
by the evidence, as in this case, the plaintiff will be non-
suited.   *Prunty* v. *Mitchell and Cobbs*, 76 Va. 169.   "*Alle-
gata* and *probata* must correspond.   Where there is no count
in a declaration on the cause of action shown by the evidence,
it is a variance, and there can be no recovery."   *Riley* v.

*Jarvis*, 43 W. Va. 43. The case stands as if the lease had been excluded, in which case a verdict for the defendant would have resulted.

The declaration cannot be amended by the introduction of Nannie E. Sandusky as a plaintiff; for the declaration would then vary from the writ, it would be another suit. Amendment may be made of mere allegations, but not of parties plaintiff in an action at law on a joint contract. However, there was no request to amend.

There are other questions involved in the case; but as they concern the merits, in view of the reason of our decision, we consider it neither necessary nor proper to pass on them.

Because of such fatal variance we reverse the judgment and dismiss the action.

*Reversed.*