# CHARLESTON.

## COFFMAN *v.* HOPE NATURAL GAS COMPANY.

### Submitted March 3, 1914.   Decided April 7, 1914.

1. HUSBAND AND WIFE—*Actions—Parties—Oil and Gas Lease.*
    In a suit to prohibit the lessee in an oil and gas lease in the execution of which the wife joined the husband and which provides for delivery of the royalty into a pipe line, and payment of the commutation money into a bank, to their joint credit, from drilling on the land, upon the theory of expiration of the lease, to be established by a reformation thereof by way of correction of an alleged fraudulent alteration of its terms, the wife is a necessary party.   (p. 58).

2. APPEAL AND ERROR—*Cure of Error—Defect of Parties.*
    Her support of her husband's bill for that purpose by her affidavit and testimony does not cure or avoid the error in overruling the demurrer thereto for failure to make her a party, nor render it harmless.   (p. 58).

3. WORDS AND PHRASES—*''Estoppel''—''Res Adjudicata''.*
    *Res adjudicata* and estoppel, though kindred in nature, are not identical, the former being of higher dignity than the latter.   (p. 58).

4. EQUITY—*Parties—Bringing in New Parties.*
    A defendant in an equity suit in the subject matter of which two or more persons are interested, is entitled to have them all brought in, to the end that, if the prevails, all may be concluded by the decree.   (p. 59).

    (LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Harrison County.

Suit by Luther H. Coffman against the Hope Natural Gas

Company, a corporation. From a decree for plaintiff, defendant appeals.

*Reversed and Remanded.*

*A. B. Fleming, Charles Powell, Kemble White,* and *Edward A. Brannon,* for appellant.

*Geo. M. Hoffheimer* and *Harvey W. Harmer,* for appellee.

POFFENBARGER, JUDGE:

The disposition of a preliminary question, whether failure of the plaintiff to make his wife a co-partner with him is a fatal defect in procedure, may prevent inquiry as to the correctness of the decree in his favor in so far as it depends upon the merits of the cause.

The relief sought was inhibition of the entry of the defendant upon the plaintiff's land for oil and gas operation, by an injunction, upon the theory of expiration of its lease, and reformation of the lease upon the hypothesis of a fraudulent alteration of its words relating to the commencement and expiration of the specific term agreed upon. The lease, dated Jan. 1, 1905, created a specific term of five years, and was taken on a printed form, contemplating ordinarily coincidence of the beginning of the term with the date of the lease, as shown by the printed words, "from this date". As recorded, the lease read "five years from August 22, 1905", the words "this date" in the printed form having been changed to "August 22, 1905". The original lease produced on the trial showed the words, "this date" marked out and the words "August 22, 1905", interlined with ink. Claiming expiration of the term on Jan. 1, 1910, the plaintiff sought an injunction to prevent drilling under the lease after that date and prayed reformation of the record thereof. As the wife joined in the lease and it provided for delivery of the oil royalties into the pipe line to the credit of "the first parties" and payment of commutation money to them, it is claimed she was a necessary party and that, on account of her non-joinder as a plaintiff, the court should have sustained the demurrer. The omission is set up in the answer also as a defect.

It is said the error in overruling the demurrer, if any, has been cured or rendered innocuous by the conduct of the wife

the progress of the cause, she having supported her
usband's bill by her affidavit and testimony in his behalf.
ome authority making such conduct conclusive, in subsequent
uits; upon the party testifying, has been produced, but it is
ot applicable. Here we have an entirely different question,
namely, whether the wife's right would be extinguished by
the decree as an adjudication against her. Conduct operates
as mere evidence upon the issue of estoppel, and is not always
conclusive. *Res adjudicata* and estoppel are kindred, but not
identical, doctrines. It is the right of the defendant in an
equity suit to have all interested parties brought in, to the end
that they may be conclusively bound by the decree and be
protected from the danger of subsequent litigation on account
of the same cause of action. The contention founded upon
these authorities is in conflict with the decision in *Moore* v.
*Jennings,* 47 W. Va. 181, saying the testimony of an interested
person as a witness does not avoid the necessity of making him
a formal party, nor cure the error wrought by failure to do so.
There can be no adjudication against any person who is
neither a party to the cause nor stands in the relation· of
privity with a party thereto, and an appearance, sufficient to
make a person a party, must be by an entry of record, such
as a motion or the filing of a pleading of some kind. *White* v.
*White,* 66 W. Va. 79, 81.

Familiarity with the equity rule requiring all persons
directly interested in the subject matter of the suit to be made
parties relieves from the necessity of citing authority for it.
The wife is given an interest in the oil royalties by clear,
express and unambiguous terms of the lease. It names and
describes her as a party of the first part and stipulates for
delivery of the royalty oil in the pipe·line to the credit of "the
first parties, their heirs, executors, administrators and
assigns", payment of gas rentals without specification as to
whom it shall be made and payment of commutation money to
the "lessor" or in bank to "their" credit. In an action for
rentals accruing under such a lease, both husband and wife
are necessary parties. *Sandusky* v. *Oil Co.,* 63 W. Va. 260.
If so in such an action, why not here? There the money
agreed to be paid was sought and the action was founded
directly on the covenant, it is true, but this suit necessarily

involves the same right. Its purpose is not to vindicate or enforce it, but it would destroy it, wherefore that right is directly involved.

That the wife is a substantial, not merely formal, party to the contract is apparent. The stipulation in her favor rests upon a valuable consideration, relinquishment of her inchoate right of dower to the extent of the estate and interest passed by the lease. *Beverlin* v. *Casto*, 62 W. Va. 158. Her joinder in the lease was essential to good title in the lessee, for, in case of the death of her husband within the term, vesting her life estate, she could avoid the lease in so far as it would conflict therewith. Scribner on Dower, p. 775; *Stoughton* v. *Leigh*, 1 Taunt. 410. "If a tenant take wife, and make a lease for years, and dies, the wife is endowed. She shall avoid the lease, but after her decease the lease shall be in force again." Coke, Litt. 46a; Shep. Touch. 275. As dower, after assignment is a freehold estate in the land, wherefore the possession of the dowress is complete and exclusive, likely neither her husband's lessee under a lease made by him alone after marriage, nor the heirs would have any right, against her will, to enter upon the dower land and drill oil wells or open mines. But, of course, she could waive her right after his death as well as before and so make the lease effective. The principles above stated are referred to only to show the substantial character in which the wife is a party to the lease and the nature and extent of the consideration upon which the stipulation in her favor may rest. Whether, in the event of the death of her husband, vesting of her right of dower in possession, and the assignment thereof, after the termination of his litigation with the defendant, she could enforce the covenants of the lease in her favor; or whether, notwithstanding a decree in his favor, she could enforce the stipulations in her favor, we need not inquire, since it is the right of the defendant to have the possibility of litigation with her, respecting the lease, barred by the decree in this cause. *Beckwith* v. *Laing*, 66 W. Va. 246. Such protection constitutes the reason and purpose of the rule invoked.

The resultant reversal of the decree and failure to reach the merits of the cause rest upon a technicality, of course, but the rule is well settled, universally recognized and in most

cases works substantial justice.    In view of its elementary character, it is apparent that the adverse result met with here is, in a sense, self-invited or self-inflicted.    An amendment, after the defect had been brought to the attention of the plaintiff, necessitating very slight trouble and delay, would have brought the cause into court on its merits.

The decree will be reversed and the cause remanded with leave to amend by making Mrs. Coffman a party.

*Reversed and Remanded.*