# CHARLESTON.

GARDNER v. SOUTH PENN OIL COMPANY.

Submitted September 7, 1915.     Decided September 28, 1915.

MINES AND MINERALS—*Royalties Under Oil Lease—Parties.*

>    In a suit by lessor against lessee for an accounting of royalty
>    oils produced, the assignee of a part of such royalty oils is a
>    a necessary party thereto, as well as all other parties whose interests
>    are involved therein.

Appeal from Circuit Court, Kanawha County.

Suit by Fred Gardner against the South Penn Oil Company. From decree for plaintiff, defendant appeals.

*Reversed and remanded.*

*A. B. Fleming, Charles Powell,* and *Kemble White,* for appellant.

MILLER, JUDGE:

The plaintiff, as lessor, seeks by his bill an accounting from defendant, as lessee, for one-half of the royalty oils produced from two wells which the bill alleges were drilled on the leased premises, not by defendant, but by The Walnut Creek Oil Company, without leave or license from plaintiff.

Plaintiff alleges that on June 6, 1906, he was the owner of the minerals within the leased lands, a tract of eighty acres, on which date he leased the same to defendant upon consideration that the lessee would deliver to his credit into the pipe line, one-eighth of all the oil produced and saved from said premises, and that thereafter he assigned to one Aaron Gatchel one-half of said one-eighth.

The bill further alleges that after the drilling of said wells defendant sued The Walnut Creek Oil Company, claiming title on the oil produced, by virtue of its lease from plaintiff, but that on July 12, 1913, the parties to that suit joined in an order by which the same was dismissed. But it is alleged that plaintiff was and is entitled to the one-sixteenth of the oil produced from said wells from the beginning, and to an accounting therefor from the South Penn Oil Company, and

that since the dismissal of said suit it has been in possession of said wells, and has offered to account to plaintiff for all the royalty oils produced from said wells since June 1, 1913, but has declined to account for royalty oil produced therefrom from the date they were completed to that date.

In our opinion the demurrer to the bill should have been sustained for want of necessary and proper parties. Why was not Aaron Gatchel, to whom the bill alleges plaintiff had sold and conveyed half the royalty, a necessary party? The royalty oils claimed from said two wells had not been divided, and if plaintiff is entitled to half the royalty, Gatchell would be entitled to the other half. And on the face of the bill, we think, The Walnut Creek Oil Company, was likewise a necessary party. It is alleged to have drilled the wells, by what claim of right is not alleged, and to have been sued by the South Penn Oil Company, the suit dismissed, &c., but it does not appear whether it has released to the defendant its claim to the oils it produced from said wells, and we do not see what rule of pleading would excuse plaintiff from bringing it and all other persons claiming interests into the suit as defendants, that all rights may be litigated in the one suit.

The bill being bad for want of parties calls for reversal, rendering it unnecessary, if not improper, to go to the other points of error relied on. But we think that we should call attention to the fact that the answer of defendant, to which there was no replication of any kind, virtually denies the allegations of the bill that plaintiff is sole lessee to whom by the terms of the lease the royalty oils are payable. The answer alleges that Mrs. Gardner is a co-lessee, and to whom and plaintiff, by the terms of the lease, the rents and royalties are payable. The lease is not exhibited with the bill; it purports to be exhibited with the answer, but we do not find it in the record. If the fact is as alleged in the answer our decisions require that Mrs. Gardner should be a party to the suit. *Reger* v. *Gall*, 54 W. Va. 373; *Sandusky* v. *Oil Co.*, 63 W. Va. 260; *Ralphsnyder* v. *Titus*, 63 W. Va. 469; *Rexroad* v. *Raines*, 63 W. Va. 511; *Bragg* v. *Coal Co.*, 70 W. Va. 655; *Hayhurst* v. *Hayhurst*, 71 W. Va. 735; *Coffman* v. *Hope Natural Gas Co.*, 74 W. Va. 57, 81 S. E. 575; *Beckwith* v. *Laing*, 66 W. Va.

246; *Hatfield* v. *Cabell County Court,* 75 W. Va. 595, 84 S. E. 335.

For the foregoing reasons we reverse the decree and remand the cause.

*Reversed and remanded.*