# CHARLESTON.

UNITED FUEL GAS CO. *et als. v.* MORLEY OIL AND GAS CO. *et al.*

(No. 5508)

Submitted February 16, 1926.   Decided February 23, 1926.

1. INJUNCTION—*Temporary Injunction Should Not be Dis-solved for Lack of Necessary Party, Until Plaintiff Has Been Given Opportunity to Amend Bill, or Has Refused to do so.*

A temporary injunction should not be dissolved for lack of a necessary party to the litigation, until the plaintiff has

been given an opportunity to amend his bill, or has refused to do so. (p. 77.)

(Injunction, 32 C. J. 673.)

2.   PARTIES—*Merits of Cause Should Never be Adjudicated in Absence of Necessary Party; on Bringing Absence of Necessary Parties to Attention of Trial Court, Proceedings Affecting Right of Any Party Should be Suspended Until They Are Made Parties, or Plaintiff Declines to Bring Them in.*

The merits of a cause should never be adjudicated in the absence of necessary parties. When their absence is brought to the attention of the court, proceedings affecting the right of any party should be suspended until they are made parties, or plaintiff declines to bring them in. (p. 77.)

(Parties, 30 Cyc. p. 141: Pleading, 31 Cyc. p. 471.)

3.   INJUNCTION—*On Showing That Plaintiff Has Strong Probability of Asserting His Equity, Dissolving Temporary Injunction Granted to Preserve Status Quo Before Decision on Merits is Error.*

Where it appears from the bill, exhibits, answer and affidavits and circumstances of the case that there is a strong probability of the ultimate assertion of plaintiff's equity, it is error to dissolve a temporary injunction granted to preserve the status quo of the subject matter of the litigation, before a decision is made upon the merits. (*Meyer* v. *Meyer,* 60 W. Va. 473.) (p. 78.)

(Injunction, 32 C. J. § 669.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Roane County.

Suit by the United Fuel Gas Company and others against the Morley Oil & Gas Company and another for an injunction and other relief. From a decree dissolving an injunction, plaintiffs appeal.

*Reversed; injunction reinstated; remanded.*

*Raymond Dodson* and *Harold A. Ritz,* for appellants.

*Thos. P. Ryan, S. P. Bell,* and *Harper & Baker,* for appellees.

LIVELY, JUDGE:

This appeal is from a vacation decree entered July 6, 1925, dissolving an injunction which enjoined defendant, Morley Oil & Gas Company, from drilling for oil and gas on an acre

of land used by the board of education for school purposes under a deed made to its predecessor in title, Geary Township, by T. B. Swan, Jas. H. Brown, Wm. F. and J. H. Goshorn, dated December 8, 1869. The controversy is based on the different interpretations of that deed.

The grantors in the above deed, when it was made, owned a large tract of land containing more than 5,000 acres, in Geary Township of Roane County, and deeded one acre, by metes and bounds, lying within this large tract to the Township of Geary, "to be exclusively appropriated and used as a site for a school house and school for and in said township." On June 16, 1923, the board of education of Geary District of Roane County, presumably the successor in title to the lot deeded to the Township of Geary, executed an oil and gas lease to M. E. Morley who assigned the lease to the Morley Oil and Gas Company. The latter company entered upon the land and began preparation to exploit it for oil and gas. Plaintiffs, who are successors in title to the original grantors (Swan, Brown and Goshorn), and now own the land surrounding the acre-lot leased, instituted this suit and applied for an injunction, claiming that the deed of 1869 by the use of the words "to be exclusively appropriated and used as a site for a school house and school for and in said township," created a restrictive covenant, and limited the use which could be made of the land; that plaintiffs are entitled to the benefit of that covenant, and that the covenant runs with the land; that the board of education had no power to convey the minerals in said lot, and their attempt to do so violated the covenant. The Morley Oil & Gas Company and M. E. Morley were made defendants to the bill. Having been notified that a temporary injunction would be applied for, these defendants appeared, and when the bill and exhibits were tendered and motion for injunction made, tendered and filed their joint demurrer and answer, and resisted the granting of the temporary injunction. The court refused to grant the injunction, and it was subsequently granted by a judge of this court in vacation, June 26, 1925. Defendants immediately served notice that they would move to dissolve on July 6, 1925. To support the bill plaintiff filed an affidavit of H. W.

Wallace to the effect that he was acquainted with the 5,000-acre tract surrounding the lot in controversy, and was an expert in the production of natural gas, having had more than 20 years experience in the development of gas in that county and other parts of West Virginia, and had been in charge of extensive operations for its production; that by proper and economic production of the gas under this acre the gas therefrom at present prices would not pay the cost of drilling the well; and that the gas drained from the adjoining lands would exceed in volume the gas which lay under the acre tract.

The bill, claiming irreparable damage, prays that the lease made to defendants by the board of education be cancelled and removed as a cloud on plaintiff's title to the minerals in said lot, and prays for an injunction restraining defendants from drilling upon and removing therefrom any oil or gas.

The answer says that the provisions in said deed quoted above did not create a restrictive covenant, but had only the effect of showing that the grant came within that class of conveyances which the township or board was by law authorized to take, and did not qualify the fee nor otherwise limit the grant; that by virtue of that deed and the valuable consideration exchanged for the property granted, defendants have the full title to the oil and gas, and plaintiffs have no right to complain; and that the alleged restrictive covenant does not bring it within the class of restrictive covenants the violation of which a court of equity will enjoin.

Thus we have the issues which are substantial and controlling in the final disposition of the case. The court could not determine these issues in vacation, for the cause had not matured; and the decree complained of does not do so. The bill sets up a substantial right, controverted, it is true, by the answer; but the only question which the court could dispose of was whether that right, if finally and regularly adjudicated in favor of the plaintiffs, should be preserved pending the final hearing upon the merits. The bill is not dismissed. There would be little use in bringing the cause to final hearing upon the merits, if, in the meantime, the gas had been extracted.

The demurrer, which appears to have been received and made a part of the record at the time the bill was presented to the court on the motion for injunction, challenges the bill for want of necessary party defendant, the board of education. The demurrer was overruled. It is here argued by defendants that the demurrer should have been sustained on that ground. The point is well taken, for it is apparent that the board of education is vitally interested. Its lease is attacked and sought to be set aside on the ground that it had no right to extract the oil and gas to the detriment of the adjoining property of its grantors in violation of the restriction in the grant. Its interest in the subject matter of the bill is equal to, if not greater than, that of the present defendants, its lessee. When this situation was brought to the court's attention, the plaintiff should have been required to bring in the board that it might have its day in court and protect its interests. Shall we now pass upon the issues involved, in the absence of this necessary party, as we are asked to do on this appeal? It must be remembered that the circuit court has not determined these issues. Had it been attempted before maturity of the cause, error would have been committed. The only question we have before us on this appeal is the alleged error in the dissolution of the temporary injunction.

The absence of necessary parties is not *ipso facto* cause for dissolving an injunction. The rule of procedure is to require the plaintiff to amend and bring in the necessary party. If he fails or refuses so to do, then the injunction may be dissolved for that reason. *Harrison* v. *Morton,* 4 H. & M. (Va.) 483; 22 Cyc. 977-8; 32 C. J., p. 400. But the court having overruled the demurrer, the injunction was not dissolved on that ground. Evidently the court came to the conclusion that the bill stated a case for ultimate relief and that all necessary parties were in court. On what theory the chancellor overruled the demurrer, and then dissolved the injunction, is difficult to perceive, unless he came to the conclusion that on the answer, which admitted the facts pleaded in the bill but controverted the conclusions of law drawn therefrom by plaintiffs, final relief would be denied on the merits. If the bill be good, except for want of necessary

parties, the injunction should have been continued until final hearing on the merits; and if not good for lack of necessary parties, plaintiffs should have been required to bring them before the court, before dissolving the injunction. While the court may have come to the conclusion that there was not reasonable probability of relief as prayed for by plaintiffs, that conclusion would not be final. Appeal would lie from such conclusion when regularly carried into decree, which might or might not be granted. But if in the meantime the gas be extracted there would be no adequate remedy for plaintiffs, even on appeal. The status of the res should have been preserved to await final decision. Where' the case is such that a dissolution of the injunction amounts to a practical denial of the relief sought by the bill, and there is a strong presumption of final recovery by plaintiff on the facts set out in the bill and answer, a temporary injunction should be continued in force until final hearing on the merits. *Meyer* v. *Meyer,* 60 W. Va. 473, citing *Robrecht* v. *Robrecht,* 46 W. Va. 738; High on Injunc., Sec. 1605. See also *Frazier* v. *Brewer,* 52 W. Va. 306. In the absence of a necessary party this court will not pass upon the merits of the cause, as we are urged to do by the briefs. *Coffman* v. *Hope Nat. Gas Co.,* 74 W. Va. 57; *Galford* v. *Henry,* 93 W. Va. 404. On this appeal we can only look into the facts pleaded in the bill and answer, together with the affidavit, to ascertain if there be a substantial presumption of final recovery in favor of plaintiffs. We think there is a substantial controversy over the true interpretation of the deed of 1869 under which the rights of the parties are to be determined, and that there should be a full hearing and decision with all parties interested before the court, on the merits, before the subject matter is dissipated. What we have said must not be interpreted to mean that we have prejudged the case on its merits in favor of any party.

The decree dissolving the injunction will be reversed, the injunction reinstated, and the cause remanded with leave to plaintiffs to amend their bill, and for further proceedings.

*Reversed; injunction reinstated; remanded.*