# CHARLESTON.

UNITED FUEL GAS CO. *v.* E. G. SUMMERS *et als.*

(No. 5992)

Submitted October 12, 1927.   Decided October 18, 1927.

MINES AND MINERALS—*Lessors Held Necessary Parties in Lessee's Suit to Enjoin One Claiming Under Adverse Title From Extracting Oil and Gas.*

The lessors of an oil and gas lease are necessary parties in a suit by the lessee to enjoin another lessee claiming under an adverse title from operating the oil and gas.

(Mines and Minerals, 40 C. J. § 511.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by the United Fuel Gas Company against E. G. Summers and M. E. Goans and wife. From a decree cancelling an oil and gas lease from the defendant M. E. Goans and wife to the defendant E. G. Summers, and enjoining defendant E. G. Summers, defendants appeal.

*Reversed and remanded.*

*Chas. M. Love, Jr., Poffenbarger, Blue & Dayton* and *John V. Ray,* for appellants.

*Raymond Dodson, Bernard J. Pettigrew* and *Harold A. Ritz,* for appellee.

LITZ, JUDGE:

The defendants appeal from a decree of the circuit court cancelling an oil and gas lease from the defendant, M. E. Goans and wife, to the defendant, E. G. Summers, of a strip of land in Kanawha County, containing .875 acre; and perpetually enjoining the defendant E. G. Summers, "his agents, servants, and all others from doing any act under said lease towards extracting or attempting to extract the oil and gas under the said tract of land".

By deed bearing date February 24th, 1904, the defendant M. E. Goans and wife conveyed to Lewis Wright a tract of land in Kanawha County, described by courses and distances as containing 46 acres and 35 poles. The deed contains the following provisions:

> "*Excipt* that the said parties of the first part reserve unto themselves a strip of land one rod wide *bordring* on the out edge of this survey, and running from the *begining* corner down the creek to the road review, and a further reserve of a *wright* of way for a road on the present review through this survey to the lands of Walker Strickland, and the said first parties also reserve to themselves all the *sailable* timber on this land except the Black Oak and all timber not contracted to J. R. Thompson and are to have eighteen months to get said timber off the land, also they reserve all the oil and gas interests rights and Privileges

in this land until the said land is paid for as expressed above, then the said Oil and Gas interests rights and privileges shall pass from them to the said Lewis *Right,* and as the said first parties have optioned his land or rather the coal that may be in or under said land for five dollars per acre, it is agreed and understood by and between the parties hereto that in respect to coal, the said first parties convey only such right as they now have.''

Lewis Wright having died, intestate, while vested with title to said land, the oil and gas thereunder was leased by his heirs to the plaintiff, United Fuel Gas Company. By agreement in writing dated September 17th, 1925, the defendant M. E. Goans and wife leased to the defendant E. G. Summers all the oil and gas underlying the strip of land, described in the deed from M. E. Goans and wife to Lewis Wright as one rod wide and extending from the beginning corner of the 46 acres and 35 poles tract ''down the creek to the road review''.

The controversy involves a construction of the provisions in the deed from M. E. Goans and wife to Lewis Wright affecting the above mentioned strip of land. The defendants contend that a fee therein was reserved to the grantors, while the plaintiff insists that the right of way thereover for a road only, was contemplated by the parties. The plaintiff further asserts that in any event the oil and gas under the whole tract became vested in the grantee upon payment of the purchase price. A question of procedure presented by the defendants must be determined, however, before reaching the merits. The plaintiff failed to join its lessors either as plaintiffs or defendants. *United Fuel Gas Co.* v. *Morley Oil and Gas Co.,* 101 W. Va. 73, in which the plaintiff sought to enjoin the defendant from operating under an oil and gas lease, as in this case, holds that the lessor of the defendant is a necessary party to the litigation.

''When the lessees of an oil and gas lease bring their suit against the lessees of an adjoining tract to enjoin them from trespassing upon the plaintiff's premises, and from proceeding to drill a well for oil and gas which defendants claim is

on their own lease, but which plaintiffs claim is on their premises, the lessors of both leases, and all persons having an interest in the oil or gas which might be produced from the well, the drilling of which is sought to be enjoined, are necessary parties to the suit, to enable the court to settle the rights of all parties interested or affected by the subject matter in controversy." *Steelsmith* v. *Fisher Oil Company*, 47 W. Va. 391.

The decree of the circuit court is reversed and cause remanded with the leave to the plaintiff to join its lessors as plaintiffs or defendants in order that the merits of the controversy may be determined.

*Reversed and remanded.*