ETTA BOWEN *v.* WEST VIRGINIA GAS CORPORATION

(No. 8885)

Submitted May 2, 1939. Decided June 20, 1939.

*Conner Hall, D. C. Tomkies* and *Frank H. Tomkies,* for appellant.

*Russell W. Morris,* for appellee.

MAXWELL, JUDGE:

This is an equity suit to cancel an oil and gas lease for failure to market the gas discovered in a well which has been drilled under the lease.

The court of common pleas of Cabell County decreed cancellation, but the circuit court reversed the decree and remanded the case. The plaintiff was awarded an appeal from the decree of the circuit court.

The lease was executed August 23, 1926, by Etta Bowen and Fletcher Bowen, her husband, to J. C. Blair. By assignment the lease came into the ownership of the West Virginia Gas Corporation which, in the latter part of 1931, drilled and completed a producing gas well on the property which consists of a tract of 250 acres of land in Cabell County.

The term of the lease is for five years from its date "and as long thereafter as oil or gas or either of them is produced from said land by the party of the second part, heirs or assigns." In consideration of the demise the lessee covenanted, *inter alia,* "To deliver to the credit of the first parties heirs or assigns, free of costs in the pipe line to which party of the second part may connect wells the equal one-eighth part of all oil produced and saved from the lease premises * * * And * * * To pay at the rate of one-eighth for the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises, while the gas from said well is so marketed and used." Further, to pay as rental, in event of delay in drilling, the sum of $250.00 annually, payable quarterly, the payments to be made "direct to the lessor or by check mailed to her * * * or by deposit to the lessor credit in _____."

Though the requirement affecting rental is for payment thereof to Etta Bowen, the royalty requirements are different. Expressly, royalty-oil shall be delivered to the credit of the "first parties." As to gas royalty there is clear implication that it, too, shall be paid to the lessors— both of them.

With this background, can this suit be maintained by

the plaintiff, without her husband being joined as a co-plaintiff? In her testimony herein the plaintiff stated that her husband was then living. Of course, therefore, he was living when the suit was instituted. The original bill contained an inadvertent reference to her husband as deceased, but the amended bill contains no such averment. The lease, a copy whereof is exhibited with each bill as a part thereof, discloses that the plaintiff's husband was a party thereto. It also appears from the record that the trial court's attention was specifically directed to the fact that the husband was living and was a necessary party plaintiff. But such specification was not necessary because, from the amended bill itself and "Exhibit Lease" therewith, the absence of a necessary party plaintiff was manifest.

In such situation the demurrer to the amended bill should have been sustained. The case of *Sandusky* v. *Oil Co.*, 63 W. Va. 260, 59 S. E. 1082, settled the proposition that under an oil and gas lease executed by husband and wife, the promise being to both, he alone may not sue at law for delay rental alleged to be due under the lease, but the wife must be a co-plaintiff. In the later case, in chancery, of *Coffman* v. *Natural Gas Co.*, 74 W. Va. 57, 81 S. E. 575, the court held, syllabus point 1: "In a suit to prohibit the lessee in an oil and gas lease in the execution of which the wife joined the husband and which provides for delivery of the royalty into a pipe line, and payment of the commutation money into a bank, to their joint credit, from drilling on the land, upon the theory of expiration of the lease, to be established by a reformation thereof by way of correction of an alleged fraudulent alteration of its terms, the wife is a necessary party." In the opinion the court stated: "It is the right of the defendant in an equity suit to have all interested parties brought in, to the end that they may be conclusively bound by the decree and be protected from the danger of subsequent litigation on account of the same cause of action." Therein, the rule of the *Sandusky* case respecting parties was held applicable in chancery as well as at

law. Consult: *Steel* v. *Development Co.*, 80 W. Va. 206, 92 S. E. 410, L. R. A. 1917 E, 975; *Pollock* v. *Hermann,* 84 W. Va. 421, 100 S. E. 275.

There is no difference in principle between the omission of a wife as plaintiff in the *Sandusky* and *Coffman* cases and the omission of the husband in this case. The holding in those cases did not rest on the fact of the marriage relation, but on the fact that in each instance there were two joint obligees. The title was in the husbands but the wives joined in the leases, and to them and their husbands, jointly, the lessees made promises. The husbands could not sue alone on account of those undertakings. At bar the title is in the wife, but she and her husband, together, were the recipients of promises of the lessee pertaining to mineral royalties. The wife, being a joint promisee, may not sue with respect to royalty under the lease without the husband joining, or without averment and proof why he did not do so.

The circuit court, after reversing the court of common pleas' decree of cancellation, remanded the case with directions as to a certain money offer which the lessee had made in lieu of gas royalty as provided by the lease. In our opinion a decision on the merits could not properly be made with the pleadings in the condition above discussed. In the absence of a necessary party the merits of a cause may not be adjudicated. *United Fuel Gas Co.* v. *Oil & Gas Co.*, 101 W. Va. 73, 131 S. E. 713.

Therefore, we modify the decree of the circuit court, and, proceeding to render such decree as the circuit court should have rendered, we sustain the demurrer to the amended bill without prejudice to the plaintiff's rights, and remand the cause to the court of common pleas of Cabell County with leave for such further amendment of the bill as may be proper in the premises. Such leave, so far as pertains to bringing in an additional plaintiff, is in accord with the provisions of Code, 56-4-34. As modified, we affirm the decree of the circuit court remanding the cause to the court of common pleas.

*Modified and affirmed.*