# CHARLESTON

Submitted March 1, 1905.   Decided April 17, 1905.

## STAATS v. INSURANCE COMPANY.

1. INSURANCE POLICY—*Pleading—Amendments.*
   A copy of an insurance policy filed with a declaration on a fire insurance policy may be amended to conform to the original, in case of variance. (pp. 572, 573.)

2. INSURANCE POLICY—*Insured May Sue Irrespective of Mortgage Clause.*
   On a fire insurance policy in the name of Mary A. Staats on property owned by her containing the clause, "Loss, if any, payable to Modern Building and Loan Association, as its interest may appear," Mary A. Staats may sustain an action. (p 574.)

Error to Circuit Court, Mason County.

Action by Mary A. Staats against the Georgia Home Insurance Company.  Judgment for defendant, and plaintiff brings error.

*Reversed.*

RANKIN WILEY, for plaintiff in error.

SIMMS & ENSLOW, for defendant in error.

BRANNON, PRESIDENT:

Mary A. Staats brought an action against Georgia Home Insurance Company in the circuit court of Mason county to recover for a loss by fire of a dwelling house, on which she had taken from said company a policy of insurance, in which action the court directed a verdict for the defendant and rendered judgment for the defendant.

The plaintiff filed with her declaration, which is the statutory form under Code, chapter 131, section 61, not the original policy, but what purports to be a copy of it.   The defendant pleaded three pleas, *non-assumpsit* and the statutory general issue under Code, chapter 125, section 64, that it was not liable to the plaintiff as in the declaration alleged, and a third plea, that the policy had been canceled, adding to this plea the said statutory plea, the third plea being verified by affidavit.   The third plea exhibited a copy of the policy. When the case was on trial before the jury the plaintiff first gave in evidence that copy of the policy which the defendant

so filed with its third plea without the written words thereon
on its back, "Cancelled by order of the company." It seems
that there was no objection to this copy going in evidence.
The plaintiff next offered in evidence the copy of the policy
which was filed with her declaration, and it was allowed to go
in evidence over the defendant's objection. The plaintiff
was next examined as a witness to prove issuance of the
policy, the destruction of the house, among other things, and
she stated that the policy which she took out had in it a loss-
payable clause reading, "Loss, if any, payable to the Modern
Building and Loan Association as its interest may appear."
The copy of the policy filed with the declaration did not con-
tain this clause, so there was this difference between the two
copies. Then the defendant moved to strike out all the evi-
dence of Mrs. Staats as a witness, which proved things essen-
tial for recovery, for the reason that the witness proved that
her policy did contain that clause and the copy filed with the
declaration did not. The court excluded her evidence from
the jury. Then the plaintiff asked leave of the court to
insert in the copy of the policy filed with the declaration
"the clause omitted by the typewriter in copying said policy
which relates to the payment to the Modern Building and
Loan Association in case of loss as its interest might appear";
but the court refused to allow such insertion of that clause
in the copy of the policy. The plaintiff moved the court that
if there was any variance between the declaration and the
copy of the policy filed with it, or between that copy and the
original policy, that she be permitted to amend the same, so
as to conform to the copy of the original policy offered in
evidence; but the court refused to allow the amendment. The
defendant offered no evidence.

It is urged that the court erred in refusing to allow the
copy filed with the declaration to be amended in the
manner above indicated. It may seem strange that a
motion to amend a paper filed with the declaration as a
part of it under the statute should be made; but when
we think about it it does not seem so strange. Code,
chapter 125, section 61, in the form there given for a
declaration on a policy of insurance makes the policy part and
parcel of a declaration like an exhibit with a bill in chancery.
It answers for averment. I shall not say how far a paper

referred to as part of an ordinary declaration is a part of it, but I will say that a policy under that statute, filed with a declaration, is a part of it, by force of the statute.    Here note that this was not a proposition to amend an original policy, as it was only a copy.    That copy being a part of the declaration the proposal to amend it was nothing but a proposal to amend the declaration itself, like a proposal to amend a declaration so as to conform to a paper given in evidence.    Or treat the copy as a specification or bill of particulars.    You can amend a bill of particulars.    I need hardly refer to Code, chapter 131, section 8, giving right to allow pleadings to be amended where it appears that there is a variance between them and the evidence.    That statute has always been applied with great liberality to further justice, and outside that statute courts have wide powers of amendment.    *Travis* v. *Insurance Co.*, 28 W. Va. 583, holds that independently of any statute courts may allow pleadings to be amended whenever justice will be promoted thereby, subject to the right of continuance, if asked.    It pointed out that amendment could be made in case of variance.

It is thought that if such amendment had been allowed, inserting the clause directing the loss-money to be paid to said building association, it would have shown that the plaintiff could not recover for the reason that it would appear that the building association alone could sue, and Mrs. Staats had no right to sue, and hence she can not complain of refusal to allow such amendment of the copy of the policy.    Can Mrs. Staats sue on the policy?    As to who can sue where the policy is taken by the property owner, with such a clause, the cases are a perfect confusion.    11 Ency. Pl. & Prac. 395. I think the weight of authority, where the Code practice does not prevail requiring both to sue or be before the court, is that the owner, that is, the mortgagor, can sue in his own name, either with or without express consent of the mortgagee.    He owns the property insured, pays the consideration premium, the actual contract is with him.    The provision that the loss-money shall be payable to another is not an assignment.    It is only a conditional appointment that on a contingency the money shall go to the mortgagee; that is, if the mortgage is still unpaid at the date of loss.    And it may not cover all the amount of loss.    The legal title in the contract is in the party

in whose name the policy is issued. The mortgagee can only get his debt. His right may be lost, and is liable to all the defences which may ·be made against the insured, unless it is otherwise provided in the policy, as sometimes it is. *Williamson* v. *Michigan Co.*, 39 Am. St. R. 906; 56 Am. Dec. 750; May on Ins. section 447; *Coates* v: *Pa. Fire Ins. Co.*, 58 Md. 172; *Christenson* v. *Fidelity Co.*, 94 Am. St. R. p. 287; *Perry* v. *Dwelling*, 68 *Id.* 668; *Turner* v. *Quincey Ins. Co.*, .109 Mass. p. 573; Jones on Mortg., section 408. It seems that the mortgagee may also sue on a policy with such clause —either may sue. *Palmer* v. *Ins. Co.*, 55 Am. St. R. 387; *Coates* v. *Penn. Ins. Co.*, 58 Md. p. 178. It is a general rule ;that where one makes a contract giving another a beneficial interest that other may sue. In the Virginias is a statute giving such stranger action. Code West Virginia chapter 71, section 2, and the mortgagee may sue. *Colby* v. *Parkersburg*, 37 W. Va. 789; *Tilley* v. *Connecticut Ins. Co.*, 86 .Va. 811. It is argued that the party taking out the policy ·ought not to be allowed to sue as the company may have to pay over again. It can compel an interpleader. Likely it could enjoin payment, or the mortgagee, on notice could. .Anyhow, the company can pay money into court, and suggest the conflicting claims, and compel an interpleader, and have the rights of the parties settled. *Martin* v. *Franklin* ·*Fire Ins. Co.*, 38 N. J. L. 140; *Coates* v. *Penn. Ins. Co.*, 58 ·Md. p. 179. Therefore, we hold that it was error to refuse , that amendment, because we think that Mrs. Staats could sue . on the policy so far as that matter is concerned.

It is urged that there was no original policy present by which to amend. We answer that the defendant filed with its plea what it said was a true copy of the original. Hence. it must be treated as if it were the original, for the purposes of this case.

, There were found to be variances in other respects than that above specified between the two copies of the policy. In . one the property insured ·is described as "the two and one-half story frame, shingle roof building and additions adjoining and communicating,· while occupied by assured as a private dwelling house and situated on the south side of public ·road in Cooper district, Mason county, West Virginia"; and . in the other as "her two story frame building and additions

adjoining and communicating, while occupied by assured as a private dwelling house and situated on the south side of public road in Cooper district, Mason county, West Virginia."
One copy gives the premium as $20.00, the other as $1,000.00. Several clauses were contained in the one not contained in the copy filed with the declaration, not material in the controversy. The question here is whether the court ought to have allowed the plaintiff to amend the declaration or the copy to conform to the copy filed by the defendant under the plaintiff's motion to amend generally, so as to conform to said copy filed with the plea. Here it is urged that the allowance of such amendment would be to allow the introduction of an entirely different and new case contrary to principles given in *Clark* v. *Ry. Co.*, 39 W. Va. 732; *Kuhn* v. *Brownfield*, 34 *Id.* 259; and *Lamb* v. *Cecil*, 28 *Id.* 653. We cannot concur in this view. There are too many things in the two policies, not merely kindred, but identically the same, telling us that the cause of action before and after amendment are one and the same. Here we must not insist upon technicality, but look at substance. The discrepant features between the two papers do not destroy their identity in substance. The nature of the action would not be changed, the real gravamen. No inconsistency would be thus interpolated into the two actions, so phrase it to convey meaning. The two actions would be by the same party, upon the same policy in general substance, on a policy of the same date and number, and, as I contend, on the same property. And the cases say that amendment should be allowed tending to promote fair trial of the matter on which the action was originally really based, provided such amendments do not introduce a new substantive cause of action different from that declared upon, and different from that which the party intended to declare upon when he brought his suit. As I have said, the action from the first and after such amendment would be by the same party and against the same party and upon the same number of policies and upon the same feature of contract. It is said that the property in the two policies is different. The description as to the stories of the house and its roof do differ; but a familiar rule is that a false description in one respect does not hurt, does not defeat identity, if there be sufficient description in other re-

spects to give identity. Now, both papers describe this house as occupied by the plaintiff as a private dwelling house and situated on the south side of public road in Cooper district, Mason county, West Virginia. So, I say, it is the same house.

It is suggested that there was no proof of the making of the policy, and that the plea of *non-assumpsit* and general denial of liability called for such proof. Say so. The evidence of the plaintiff fully proves the issuance by the company of the policy, the making of the policy.

Our conclusion is to reverse the judgment and remand the cause with leave to the plaintiff to amend the declaration to conform to the policy filed with the defendant's third plea, and for a new trial.

*Reversed.*