## FIDELITY UNION FIRE INS. CO. v. BICKERSTAFF. (No. 2083.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

Appeal and error ⬾187(3)—Failure to make mortgagee party in action on insurance policy held not fundamental error.

In an action on a hail insurance policy which contained a clause, "loss if any, payable to * * * mortgagee as his interest may appear," there was no fundamental error in judgment for plaintiff mortgagor in that the mortgagee was not made a party to the suit, as he could not recover without an affirmative showing of the extent of his interest at the time of the loss, and, had the insurer wished the issue tried and disposed of, it should have made the mortgagee a party in the court below.

Appeal from District Court, Hall County; J. A. Nabers, Judge.

Action by J. W. Bickerstaff against the Fidelity Union Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Ocie Speer, of Fort Worth, for appellant.
Presler & Hamilton and Elliott & Moss, all of Memphis, for appellee.

BOYCE, J. The opinion in cause No. 2027, Fidelity Union Fire Insurance Company v. Mitchell, 249 S. W. 536, handed down this day, disposes of all the material questions raised on this appeal, except that presented by the eleventh proposition. The policy contained this clause:

"Loss, if any, payable to J. E. White, mortgagee, as his interest may appear, subject, nevertheless, to all conditions of this policy."

Appellant asserts that there was fundamental error in the judgment because J. E. White was not made a party to the suit. A similar question was considered and decided against appellant's contention in the case of Camden Fire Insurance Co. v. Wandell (Tex. Civ. App.) 195 S. W. 289. We think that decision is correct. The mortgagee may or may not have had an interest in the proceeds of the policy at the time of the loss, and could not recover without an affirmative showing of the extent of his interest. If appellant wished the issue tried out and disposed of, it should have made the mortgagee a party in the court below. In addition to authority already cited, see Staats v. Georgia Home Insurance Co., 57 W. Va. 571, 50 S. E. 815, 4 Ann. Cas. 541; Liverpool & London & Globe Insurance Co. v. Cargill, 44 Okl. 735, 145 Pac. 1134; Joyce on Insurance, § 2305.

Affirmed.