JOHN MAINELLA *v.* THE BOARD OF TRUSTEES OF POLICEMEN'S
PENSION OR RELIEF FUND OF THE CITY OF FAIRMONT

(No. 9481)

Submitted September 21, 1943. Decided November 2, 1943.

*Ward Lanham,* for appellant.
*E. M. Showalter* and *Howard Boggess,* for appellee.

LOVINS, JUDGE:

In a suit instituted by John Mainella against The Board
of Trustees of the Policemen's Pension or Relief Fund of
the City of Fairmont, the Circuit Court of Marion County
entered a decree adverse to the defendant who seeks re-
view by appeal.

Plaintiff was an active policeman of the City of Fair-
mont from September 1, 1931, until March, 1938, when
he was relieved from duty on account of his unusual con-
duct indicating mental derangement. He was paid a pen-
sion at the rate of ninety dollars a month for the greater
portion of the time between the commencement of his

disability and June 13, 1941. The exact dates when the payments commenced and ended are not discernible from the record.

Plaintiff entered the Weston State Hospital on or about March 7, 1938, stayed there for some time, whence he was discharged after an examination showing his health as "having improved." The exact date of his discharge from the Weston State Hospital does not appear, but the record divulges that subsequently he was treated in a hospital in Pittsburgh, Pennsylvania, until some time in September, 1938. After discharge from the latter hospital he was examined by four physicians, the results of the examinations being shown in four letters addressed to the Mayor of the City of Fairmont and which were delivered to that official by plaintiff. One physician reported that plaintiff was in "excellent mental and physical condition"; two said that he was in "good physical condition", and the fourth stated that he was in "good condition". The examinations and reports thereof apparently resulted from private arrangement therefor made by plaintiff, the defendant having no connection therewith.

In January, 1939, plaintiff orally applied to the Mayor of the City of Fairmont to be reinstated as an active policeman. He was advised by the mayor to file a bond, appear before the Board of Directors of the City and request that he be returned to active police duty. Pursuant to the advice so given, plaintiff filed a bond with a corporate surety thereon, which was delivered to the mayor but before approval of the bond the surety thereon withdrew its assent and refused to act further as surety for plaintiff. No further action to restore plaintiff to a status as an active policeman appears to have been taken.

Plaintiff was employed by the state road commission for short periods of time during two summers. He was employed as a coal loader from March 4, 1941, until November 30, 1942, during which time he was paid wages

totaling forty-three hundred seventy-eight dollars and fifteen cents.

Defendant derives its corporate existence from Section 10, Chapter 53, Acts of the Legislature, 1937, and Code, 8-6-11. On June 13, 1941, defendant passed a resolution which provided that plaintiff should be denied further pension payments for the reasons that he was gainfully employed at a salary in excess of that of a regular policeman and that payment of pension in such cases was not authorized by law. Plaintiff requested that defendant amend the resolution, the effect of the amendment being that pension payments to him would be discontinued so long as he was able to earn lucrative wages. The defendant declined to amend the original resolution. This suit was then brought under the provisions of the Uniform Declaratory Judgments Act (Chapter 26, Acts of the Legislature, 1941).

The trial chancellor, after a hearing on the pleadings and evidence, decreed that plaintiff is a member of the police department of the City of Fairmont but is not on active duty by reason of disability; that he is entitled to participate in the pension fund of the department so long as his disability and legal eligibility therefor continue; and that defendant pay the costs.

The following contentions are made by defendant: that it was error to overrule the defendant's demurrer to the bill of complaint on the ground of non-joinder of necessary parties and that the court erred in decreeing and declaring (a) that plaintiff is a member of the police department of the City of Fairmont; (b) that plaintiff is not on active duty by reason of disability; and (c) that plaintiff is entitled to participate in the policemen's pension fund during the time he is legally eligible therefor and his disability continues.

This suit presents the question usually appearing in suits for declaratory relief. Is there an actual controversy? Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes. The

pleadings and evidence must present a claim of legal right asserted by one party and denied by the other before jurisdiction of a suit may be taken. Plaintiff's right to receive a pension or restoration to duty as an active policeman and defendant's duty with respect thereto are conferred and imposed by Section 18, Chapter 69, Acts of the Legislature 1935. In this suit plaintiff asserts alternative rights: restoration to duty as an active policeman or payment of a pension as a disabled one. As to the first right the defendant is not given full authority to deny or grant the same, official action by the City of Fairmont and its mayor being necessary to restore plaintiff to duty. Defendant has power, after an examination by a medical board, as provided in Section 18 aforesaid, to grant and pay plaintiff a pension as a disabled policeman, paying such pension out of funds provided by corporate action of the City of Fairmont. Defendant by passing its resolution on June 13, 1941, denied the right of the plaintiff to further payment of his pension. The facts pleaded and proved clearly show an actual controversy as to the rights and status of the plaintiff, a denial in part by the defendant, and, therefore, a court may assume jurisdiction thereof and finally determine the same.

The principal ground of defendant's demurrer is the non-joinder as parties of the Board of Directors of the City of Fairmont, the City of Fairmont, a municipal corporation, and the Mayor of that City. The non-joinder of parties may be raised by demurrer. Code, 56-4-36; *Lawhead* v. *Bank*, 119 W. Va. 467, 194 S. E. 79.

All corporate powers of the City of Fairmont, with exceptions unnecessary to note, are exercised by the board of directors or under its authority. Section 4, Chapter 10, Acts of the Legislature, 1915, Municipal Charters, as amended by Chapter 22, Acts of the Legislature, 1919, Municipal Charters. The board of directors is not a legal entity separate and apart from the City of Fairmont as a municipal corporation and hence we see no reason for making the board of directors *eo nomine* a party. The

non-joinder of the City of Fairmont, a municipal corporation, and the mayor thereof presents a different question. It seems to be tacitly admitted by plaintiff and defendant and it is reasonable to assume that policemen of the City of Fairmont are required to file an official bond. Police officers of cities, towns and villages are permitted to carry weapons upon giving a bond in the penalty of three thousand five hundred dollars. Code, 61-7-5. It does not appear whether there is any ordinance of the City of Fairmont providing for a bond to be given by members of its police department. Authority to make such requirement is found in Section 22, Chapter 22, Acts of the Legislature, 1919, Municipal Charters, reading in part as follows: "The board of directors may require additional bond from any of said appointive officers, and may likewise require a bond in whatever sum they may fix, of any other appointive officer. All bonds of appointive officers shall, before their acceptance, be approved by the board of directors; * * *." Policemen of the City of Fairmont are appointive officers. Section 96, Chapter 10, Acts of Legislature, 1915, Regular Session. The City of Fairmont in its corporate capacity is also interested in and charged with the duty of providing funds to pay disabled policemen pensions, it being the duty of the governing body of municipalities in this State to levy and collect taxes on real and personal property and to assess and collect from each member of the police department the sum of one dollar per month. Section 14, Chapter 53, Acts of the Legislature, 1937. It is obvious that the approval of the bond relates only to the restoration of the plaintiff to duty as an active policeman. It is equally obvious that the duty to provide funds relates only to the payment of a pension. In either event corporate action by the City of Fairmont is necessary and hence the city is a necessary party.

The mayor's connection with plaintiff's rights arises after the plaintiff has been examined, as provided in Section 18, Chapter 69, Acts of the Legislature, 1935. If

upon examination a person formerly disabled is found to be able to perform his duty, the mayor or other executive officer shall order him to return to duty.

The duties imposed on the City of Fairmont, the mayor thereof, and the defendant herein are so intermingled, all being interested in the result of this litigation, that they are necessary parties to this suit. Plaintiff could not act as an appointive officer without approval of his bond, he could not be restored to duty without the order of the mayor, and could not be paid a pension unless funds are provided therefor by the city and ordered disbursed by defendant.

In the absence of the City of Fairmont and the mayor thereof, the merits of the cause could not be fully and completely adjudicated. *Bowen* v. *Gas Corp.*, 121 W. Va. 403, 3 S. E. 2d 629; *Finance Co.* v. *Glass Co.*, 86 W. Va. 322, 103 S. E. 333; *Gas Co.* v. *Gas Co.*, 101 W. Va. 73, 131 S. E. 713; *Gall* v. *Gall*, 50 W. Va. 523, 40 S. E. 380.

If the plaintiff is physically and mentally able to perform the duties of an active policeman, clearly he is not entitled to a pension, but if such disability exists his right thereto is equally clear. The City of Fairmont in its corporate capacity and the mayor of said city are necessary parties to this suit in order that the litigation may be ended and plaintiff's rights fully determined. Section 11, Uniform Declaratory Judgments Act, Chapter 26, Acts of the Legislature, 1941.

The physical examinations hereinabove adverted to were not made in accordance with the provisions of Section 18, Chapter 69, Acts of 1935. The physical examination contemplated by the statute and necessary for restoration to active duty are made as an official act by the board of trustees of the policemen's pension or relief fund, acting by a board of physicians. The private examinations in no wise met that requirement, and hence the plaintiff cannot ground his claimed right of restoration to active duty thereon. The board likewise failed to comply with the statutory provisions in discontinuing the pension.

The passage of a resolution in a summary way does not meet the requirements of the statute providing for discontinuance of policemen's pensions.

The reason for the cancellation of plaintiff's bond by his surety is not apparent. If such inability to furnish bond arose by reason of the continuance of his mental incapacity, it is only right to say that his failure to give bond arose out of his disability and he would still be entitled to a pension and to remain on the pension and relief roll, notwithstanding the fact that he is able to engage in other employment of less responsibility.

For the reasons hereinabove mentioned we reverse the decree of the Circuit Court of Marion County and remand the cause with directions that, before proceeding further, the City of Fairmont in its corporate capacity and the mayor thereof be made parties to this suit. Code, 56-4-34.

*Reversed and remanded with directions.*