# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kathy Snyder,**
**Plaintiff Below, Petitioner**

**vs)  No. 16-0488** (Kanawha County 15-C-963)

**John D. Rutherford, Executive Director, Metro**
**Emergency Operations Center of Kanawha County,**
**and Governing Body, Metro Emergency Operations**
**Center of Kanawha County,**
**Defendants Below, Respondents**

**FILED**

**April 7, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kathy Snyder, by counsel Michael T. Clifford, appeals the order of the Circuit Court of Kanawha County, entered on April 13, 2016, granting respondents' motion to dismiss petitioner's complaint. Respondents John D. Rutherford and Metro Emergency Operations Center appear by counsel, Johnnie E. Brown.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Metro Emergency Operations Center ("Metro") employed petitioner for more than twenty years beginning in 1993. Petitioner resigned her employment in May of 2014 and, approximately one year later, on May 18, 2015, filed a complaint in the Circuit Court of Kanawha County asserting that she was constructively discharged because Respondent Rutherford, while acting as executive director of Respondent Metro[1], demoted her to telecommunicator/dispatcher, thus relieving her of supervisory duties and reducing her hourly rate of pay by 72 cents. Respondent Rutherford advised petitioner of the personnel action approximately one week before she resigned, and advised that petitioner should file a grievance if she disagreed with the decision. Petitioner claimed in her complaint that Respondent Rutherford's actions constituted a hostile work environment. She also claimed that Respondent Rutherford exceeded his authority in acting as Respondent Metro's executive director because West Virginia Code § 7-7-4(8) prohibits him, as sheriff, from engaging in "other employment."

---

[1] It is undisputed that Respondent Rutherford previously received no additional compensation for acting in this supervising capacity.

1

Respondents filed a motion to dismiss petitioner's complaint or, alternatively, for summary judgment on July 9, 2015. Respondents argued that petitioner failed to state a claim because (1) she did not assert that her hostile work environment was created on the basis of her membership in a protected class; (2) a previous circuit court decision barred consideration of petitioner's claims that Respondent Rutherford improperly served as executive director of Respondent Metro; and 3) petitioner failed to exhaust her administrative remedies. The circuit court agreed that petitioner had not asserted membership in a protected class and that petitioner was collaterally estopped from claiming that Respondent Rutherford acted as executive director in violation of statute. The court did not address the argument that petitioner failed to exhaust administrative remedies. The court granted the motion to dismiss, and petitioner appeals the order granting the dismissal.

On appeal, petitioner asserts four assignments of error. She argues that the circuit court erred in: (1) granting the motion to dismiss because she can show facts supporting her claims; (2) granting the motion to dismiss on the ground that she failed to exhaust administrative remedies, because she was not required to do so; (3) granting the motion to dismiss because Respondent Rutherford exceeded the scope of his duties; and (4) applying the doctrine of "res judicata." "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). We review petitioner's four assignments of error according to this standard.

We begin with petitioner's first and second assignments of error, wherein she argues that the circuit court erred in granting respondents' motion to dismiss. Inasmuch as the circuit court did not intimate that petitioner failed to exhaust administrative remedies, or discuss such a failure to any degree, we find no merit in petitioner's second assignment of error. As to petitioner's arguments, in the whole, that the circuit court erred in dismissing the complaint, we center on the following precepts:

> Generally, a motion to dismiss should be granted only where "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Murphy v. Smallridge*, 196 W.Va. 35, 36, 468 S.E.2d 167, 168 (1996) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984)) (additional citation omitted). For this reason, motions to dismiss are viewed with disfavor, and we counsel lower courts to rarely grant such motions. *John W. Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605–06, 245 S.E.2d 157, 159 (1978). *Ewing v. Board of Educ. of County of Summers*, 202 W.Va. 228, 235, 503 S.E.2d 541, 548 (1998). Furthermore, "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978).

> > The circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his[, her, or its] claim which would entitle him[, her, or

it] to relief." Syl. pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977), citing *Conley* [*v. Gibson*], 355 U.S. [41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)].

*State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995) (footnote omitted).

*Forshey v. Jackson*, 222 W.Va. 743, 749-50, 671 S.E.2d 748, 754-55 (2008).

Following the guidance of these principles, we agree with the circuit court that petitioner failed to assert any unlawful, discriminatory basis for her separation from the employment that she left. We have held that a constructive discharge cause of action arises when the employee claims that because of age, race, sexual or other unlawful discrimination, the employer has created a hostile working climate which was so intolerable that the employee was forced to leave his or her employment. Syl. Pt. 4, *Slack v. Kanawha Co. Housing & Redevelopment Auth.*, 188 W.Va. 144, 423 S.E.2d 547 (1992). Petitioner's complaint does not allege that she was constructively discharged based upon any of these enumerated factors. Accordingly, the complaint does not, on its face, state a claim for which relief can be granted, and we find no merit in petitioner's remaining assignments of error.[2]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 7, 2017

---

[2] In her third and fourth assignments of error petitioner argues that Respondent Rutherford exceeded his authority in acting as Metro's executive director because West Virginia Code § 7-7-4(8) requires that "[a]ny sheriff . . . [of certain classes of counties] shall devote full time to his or her public duties to the exclusion of any other employment. . ." and further argues that the circuit court incorrectly found consideration of the appropriateness of Respondent Rutherford's duties barred by the doctrine of res judicata. However, petitioner's complaint specifies her assertion that she was harmed by constructive discharge resulting from a hostile work environment, and asserts no independent cause of action related to Respondent Rutherford's having acted as the executive director for Metro. Our consideration of these remaining assignments of error would not be appropriate inasmuch as it would not affect the outcome of her appeal. "'Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes. The pleadings and evidence must present a claim of legal right asserted by one party and denied by the other before jurisdiction of a suit may be taken.' *Mainella v. Board of Trustees of Policemen's Pension or Relief Fund of City of Fairmont*, 126 W.Va. 183, 185-86, 27 S.E.2d 486, 487-88 (1943)." Syl. Pt. 2, *Harshbarger v. Gainer*, 184 W. Va. 656, 656, 403 S.E.2d 399, 399 (1991).

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker