IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2025 Term

_____

No. 23-344

_____

FILED

**October 27, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff below, Respondent,

v.

JAMES CARROLL DePRIEST,
Defendant below, Petitioner.

_____

Appeal from the Circuit Court of Summers County
The Honorable Robert A. Irons, Judge
Criminal Action No. 21-F-11

SENTENCE VACATED AND CASE REMANDED WITH DIRECTIONS
_____

Submitted: September 23, 2025
Filed: October 27, 2025

Robert P. Dunlap, II, Esq.
Dunlap and Associates
Beckley, West Virginia
Counsel for the Petitioner

John B. McCuskey, Esq.
Attorney General
Holly J. Wilson, Esq.
Principal Deputy Solicitor General
Office of the Attorney General
Charleston, West Virginia
Counsel for the Respondent

JUSTICE TRUMP delivered the Opinion of the Court.

# SYLLABUS OF THE COURT

1.      "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syllabus Point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

2.      "West Virginia Rule of Criminal Procedure 32(b)(1) requires that the sentencing court receive and consider a presentence report before sentencing unless all conditions in (A), (B), and (C) are met." Syllabus Point 4, in part, *State v. McDonald*, 250 W. Va. 532, 906 S.E.2d 185 (2023).

3.      "Waiver is the intentional relinquishment or abandonment of a known right." Syllabus Point 6, in part, *State v. Crabtree*, 198 W. Va. 620, 482 S.E.2d 605 (1996).

**TRUMP, Justice:**

The Petitioner was convicted of third or subsequent offense failure to provide sex offender registration changes. After conviction, the circuit court placed the Petitioner on home confinement as a condition of bond pending sentencing. The Petitioner, though, removed his ankle monitor and absconded before he was sentenced. After he was apprehended, the circuit court sentenced the Petitioner without the preparation of a presentence report, finding that the Petitioner's escape constituted his waiver of a presentence investigation and report. Because we conclude that the Petitioner's escape was not a waiver of his right to a presentence investigation and report, we vacate the circuit court's order imposing sentence and remand this case to the circuit court with directions that it order a presentence investigation and report and thereafter sentence the Petitioner in a manner consistent with West Virginia Rule of Criminal Procedure 32.

## I. Facts and Procedural Background

The Petitioner was indicted for one count of failure to provide notice of sex offender registration changes (3rd or subsequent offense). The circuit court granted the Petitioner's motion to bifurcate the substantive charge from the alleged previous convictions. Subsequently, on September 14, 2022, a jury convicted him of failing to provide registration changes. Thereafter, on September 21, 2022, the Petitioner waived a jury trial

1

on whether he had previously been convicted of failing to provide registration changes and admitted to having been at least twice previously convicted of such offenses.

After the Petitioner's September 21 guilty plea, the circuit court continued the Petitioner's bond with the additional condition of home incarceration and referred the matter to the Probation Department for a presentence investigation and report. A sentencing hearing was scheduled for December 9, 2022. On or about October 14, 2022, the Probation Department filed a notice with the circuit court that the Petitioner had absconded from home incarceration after removing his ankle monitor. On October 20, 2022, the circuit court revoked the Petitioner's bond and continued the case. The Petitioner failed to appear for his presentence investigation interview. A sentencing hearing was held on December 9, 2022, where the Petitioner also did not appear but was represented by his counsel. The Petitioner's counsel stated that he was unable to contact the Petitioner and was unsure of the Petitioner's whereabouts. The circuit court continued the case, including sentencing, until the Petitioner was caught.

On or about April 25, 2023, the Petitioner was apprehended, and a second sentencing hearing was convened on May 5, 2023, at which time the Petitioner and his counsel appeared. At this sentencing hearing, the Petitioner's counsel sought a continuance because a presentence investigation had not been completed, nor a presentence report prepared. The Petitioner objected to his sentencing in the absence of an investigation and report—especially as he was seeking an alternate sentence of probation rather than

imprisonment. The circuit court found that the Petitioner's fleeing home confinement waived his right to a presentence investigation and report. The circuit court specifically found that

> we don't have a PSI, Mr. Detch [the Petitioner's counsel], because your client ran. He fled the jurisdiction of this Court and we had to hunt him down and he had to deal with the State Police or the Marshalls [sic] or somebody that was able to locate him. I don't know where they found him – Greenbrier County, I think. But when they have to track him down, he waives his right to a pre-sentence report.

The Petitioner's counsel disagreed arguing that although the Petitioner's escape may have constituted a waiver of his right to contribute to the presentence investigation, "he certainly does not waive his rights to have a pre-sentence report."

Unmoved by the Petitioner's argument, the circuit court denied the Petitioner probation or other alternate sentence and sentenced him to an indeterminate ten-to-twenty-five-year term of incarceration under West Virginia Code § 15-12-8(c). The Petitioner appeals arguing the circuit court erred in dispensing with a presentence investigation and report before sentencing him.

## II.     Standard of Review

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).[1]

## III.     Discussion

The Petitioner asserts that in sentencing him without the preparation and consideration of a presentence report, the circuit court violated his constitutional rights as well as his rights under West Virginia Rule of Criminal Procedure 32(b)(1). While we reject the Petitioner's constitutional claim, we agree with his Rule 32 argument.

A. *There is no constitutional right to a Presentence Investigation and Report.*

The Petitioner has cited no authority supporting his claim of a deprivation of a constitutional due process right due to his sentencing without a presentence investigation

---

[1]While the issue before us relates to a court-promulgated rule, *i.e.*, West Virginia Rule of Criminal Procedure 32, we have held that "[u]nder Article VIII, Section 8 of the *Constitution of West Virginia* (commonly known as the Judicial Reorganization Amendment), administrative rules promulgated by the Supreme Court of Appeals of West Virginia have the force and effect of statutory law[.]" Syl. Pt. 1, in part, *Stern Bros. v. McClure*, 160 W. Va. 567, 236 S.E.2d 222 (1977). Therefore, Rule 32 counts as a statutory command.

and report. "On the contrary, numerous courts have held that the defendant does not have a constitutional right to a [presentence investigation]." *State v. Patterson*, 674 A.2d 416, 422 n.10 (Conn. 1996); *see, e.g.*, *Elswick v. Holland*, 623 F. Supp. 498, 502 (S.D. W. Va. 1985) (citing *Vines v. Muncy*, 553 F.2d 342, 350 n.26 (4th Cir. 1977)) ("[T]here is no federal constitutional right to a presentence investigation and report."), *dismissed sub nom. In re Elswick*, 782 F.2d 1034 (4th Cir. 1986); *Brown v. State*, 924 S.W.2d 311, 312 (Mo. Ct. App. 1996) ("Neither the Federal nor the Missouri Constitution confers a right to a presentence investigation."). In short, "[a] defendant has no constitutional right to a pre-sentence investigation and report[.]" Patricia M. Jones, *Sentencing*, 24 Am. Crim. L. Rev. 879, 882 (1987). The Petitioner's constitutional claim, therefore, fails.

B. *The Petitioner did not waive his right to a Presentence Investigation and Report.*

While the Petitioner's constitutional claim fails, his Rule 32 argument fares much better. Rule 32(b)(1) provides:

> The probation officer shall make a presentence investigation and submit a report to the court before the sentence is imposed, unless:
>
> (A) the defendant waives a presentence investigation and report;
>
> (B) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority; and

> (C) the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

We have held that all three circumstances contained in Rule 32(b)(1) must occur to justify a circuit court dispensing with a presentence report before sentencing. "West Virginia Rule of Criminal Procedure 32(b)(1) requires that the sentencing court receive and consider a presentence report before sentencing unless all conditions in (A), (B), and (C) are met." Syl. Pt. 4, in part, *State v. McDonald*, 250 W. Va. 532, 906 S.E.2d 185 (2023).

The State contends that the Petitioner waived the presentence report.[2] "Waiver is the intentional relinquishment or abandonment of a known right." Syl. Pt. 6, in part, *State v. Crabtree*, 198 W. Va. 620, 482 S.E.2d 605 (1996); *see also Hoffman v. Wheeling Sav.*

---

[2]The State submitted a notice of additional authorities on September 18, 2025, under West Virginia Rule of Appellate Procedure 10(i) directing this Court's attention to *State v. Jeffers*, No. 23-106, 2025 WL 2201726 (W. Va. Aug. 4, 2025) (memorandum decision). In *Jeffers*, a jury convicted the defendant of first-degree murder without a recommendation of mercy. The circuit court denied the defendant's request for a presentence report and sentenced the defendant to life without mercy. The defendant appealed, arguing, inter alia, that he was entitled to a presentence report. We found that because the circuit court had no discretion in sentencing the defendant to life without the possibility of parole, any error in denying a presentence report was harmless. The State posits that *Jeffers* controls here because it was unlikely that a presentence investigation and report would have altered the circuit court's decision to deny an alternate sentence and thus any error in denying the presentence report was harmless. We do not agree.

The basis of our decision in *Jeffers* was narrow in that the circuit court lacked any sentencing discretion; the jury's verdict fixed the sentence that the circuit court in that case was required to impose. Where a circuit court does have sentencing discretion—here, whether to impose incarceration or to grant an alternate sentence—the harmless error rule of *Jeffers* is simply inapplicable.

6

*& Loan Ass'n*, 133 W. Va. 694, 712, 57 S.E.2d 725, 735 (1950) ("A waiver of any right has been defined as the voluntary, intentional relinquishment of a known right."). Waiver may be either express or implied. *See, e.g.*, *Yates v. Am. Republics Corp.*, 163 F.2d 178, 180 (10th Cir. 1947) ("Waiver is of two kinds, express and implied."); *Parsons v. Nat'l Interstate Ins. Co.*, 544 F. Supp. 3d 1202, 1209 (D. Utah 2021) ("Under the common law, there are two types of waivers: express or implied."); *Phillips v. People*, 443 P.3d 1016, 1023 (Colo. 2019) ("[A] waiver need not be express; it can be implied."); *State v. Cooley*, 233 P.3d 713, 717 (Haw. Ct. App. 2010) ("A waiver can be express or implied[.]"). "[T]he owner of [a] right may waive it expressly, either in writing or by parol, and impliedly by inconsistent conduct[.]" 19 Mich. Juris. *Waiver* § 2 at 934 (2022). Hence, "[w]e use the term express waiver to refer to a defendant's written or oral waiver of a particular right. We use the term implied waiver to refer to a defendant's waiver of a particular right via some other action or inaction." *Vreeland v. Zupan*, 906 F.3d 866, 876 (10th Cir. 2018). In this case, the State does not argue that the Petitioner expressly waived his right to a presentence investigation and report under Rule 32(b)(1); rather, the State asserts that the Petitioner's escape constituted the Petitioner's implied waiver of these rights. We disagree as we do not believe that the Petitioner's escape constituted a waiver of a presentence investigation and report; rather, we believe that the Petitioner's escape constituted a waiver only of his right to participate in the presentence investigation.

"As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has

7

made a deliberate choice to relinquish the protection those rights afford." *Berghuis v. Thompkins*, 560 U.S. 370, 385 (2010). The Petitioner's escape obviously precluded the Probation Department from interviewing him, so he knew he was relinquishing his right to participate in the presentence investigation by his escape. However, the Petitioner's escape did not impede the Probation Department from conducting a presentence investigation with information obtainable from sources other than the Petitioner and completing a presentence report with that available information. *Cf. People v. Thompson*, 588 N.Y.S.2d 778 (App. Div. 1992) (Mem.) ("[T]he defendant cannot be heard to complain about the absence of a complete sentence report, inasmuch as the report specifically indicates that it was incomplete because the defendant absconded and thus could not be interviewed by the Probation Department[.]"). Consequently, the Petitioner's escape did not waive his right to a presentence investigation and report because his escape was not inconsistent with the completion of a presentence investigation and report.[3] In short, the Petitioner's escape, while a waiver of his right to participate in the presentence investigation, was not a waiver of the right to have a presentence investigation conducted and a presentence report prepared.

Because the Petitioner's escape was not an implied waiver of a presentence investigation and report under Rule 32(b)(1)(A), the circuit court erred in sentencing the

---

[3]In addition to Rule 32, Rule 43 of the West Virginia Trial Court Rules sets forth deadlines and obligations, with respect to the presentence report and investigation. Both of these Rules impose duties on probation officers regarding the investigation and report, which duties were not waived by the Petitioner's escape.

8

Petitioner without a presentence report as required by Rule 32(b)(1).[4] Therefore, we vacate the Petitioner's sentence. We remand this case to the circuit court with directions that it order a presentence investigation and report be prepared and submitted to it prior to sentencing. We further direct that the circuit court conduct a new sentencing hearing consistent with Rule 32 after receiving the presentence report.

## IV.    Conclusion

For the foregoing reasons, we vacate the circuit court's sentencing order of May 9, 2023, and remand this case to the Circuit Court of Summers County for further proceedings consistent with this opinion.

Sentence vacated and case remanded with directions.

---

[4]Rule 32(b)(1)(A)-(C) creates a conjunctive test to justify dispensing with a presentence report. Our conclusion that one of the conditions is not satisfied obviates the need to address the remaining conditions as any discussion of the remaining conditions would be only advisory and "[c]ourts are not constituted for the purpose of making advisory decrees or resolving academic disputes." *Mainella v. Bd. of Trustees of Policemen's Pension or Relief Fund*, 126 W. Va. 183, 185, 27 S.E.2d 486, 487–88 (1943); *see, e.g., Commonwealth v. Solano*, 129 A.3d 1156, 1180 (Pa. 2015) ("As this test is conjunctive, failure to establish one prong obviates the need to analyze the remaining ones.").